UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GABRIEL BARBOZA,<br><br>  Plaintiff,<br><br>  v.<br><br>MCSO JAIL DIVISION, et al.,<br><br>  Defendants. | Case No. 1:23-cv-00753-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF Nos. 1, 7).<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff Juan Gabriel Barboza is a prisoner or pretrial detainee[1] proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on May 15, 2023. (ECF No. 1). Plaintiff generally alleges that he attempted to make a complaint against a correctional officer, but his complaint has not been properly handled at the Jail.

On June 16, 2023, the Court screened the complaint and concluded that Plaintiff failed to state any cognizable claims. (ECF No. 7). The Court gave Plaintiff thirty days from the date

---

[1] Plaintiff's complaint does not indicate whether he is a sentenced prisoner or pretrial detainee. Plaintiff indicates he is being detained in Madera County Sherriff's Office Jail Division.

1

of service of the order to file an amended complaint or to notify the Court that he wanted to stand on his complaint. (*Id.* at 7). And the Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.*).

The thirty-day deadline has passed, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. Accordingly, for the reasons below, the Court will recommend that Plaintiff's case be dismissed for failure to state a claim. The Court will also recommend that Plaintiff's case be dismissed for failure to prosecute and failure to comply with a court order.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 4), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677,

681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff alleges that on April 6, 2023, he got into a verbal altercation with Defendant Correctional Officer McAllister, after which she stated, "kiss my black ass," slapped her butt, and then said "kiss my ass." Plaintiff responded by yelling "PREA." Office McAllister responded, "F*&k you."

Correctional Officer Candodian was present and did not report the incident.

Plaintiff called the PREA number posted but received no answer. Plaintiff notified mental health staff, but nothing happened. Plaintiff told other staff members that he wished to report a PREA incident, but also received no response. Plaintiff filled out a grievance on April 24, 2023, and marked it as "emergency," but as of the date of the complaint (signed on May 9, 2023) had not received a response. Plaintiff has also filed for a writ of habeas corpus.

Plaintiff claims that his Fourteenth Amendment due process rights have been violated.

## III.  ANALYSIS OF PLAINTIFF'S COMPLAINT

### A.  Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los

Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

### B.  Claim for Failure to Process PREA Complaint and Grievances

Plaintiff's complaint appears to primarily complain that his right to report officer misconduct under the Prison Rape Elimination Act ("PREA") and through internal grievance procedures was violated because Defendants failed to respond to his requests to make a PREA complaint or to his "emergency" grievance on the issue.

The majority of courts to consider the issue have determined that PREA does not

provide for a private cause of action. See, e.g., DeBose v. Third Watch Commander, (E.D. Cal., Feb. 16, 2023, No. 223CV00131EFBPC) 2023 WL 2058818, at *2 ("[P]laintiff's claims based on alleged violations of the PREA do not state a claim upon which relief could be granted"); Hatcher v. Harrington, 2015 U.S. Dist. LEXIS 13799, 2015 WL 474313 (D. Haw. Feb. 5, 2015) (finding the plaintiff's claims under PREA failed, because "[n]othing in the PREA explicitly or implicitly suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act," and although there appears to be no federal appellate decision addressing this issue, "district courts nationwide have found that PREA does not create a private cause of action that can be brought by an individual plaintiff").

Similarly, failure of an institution to properly process or respond to an administrative appeal does not violate due process, as there are no constitutional requirements regarding how a grievance system must be operated. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("Ramirez's claimed loss of a liberty interest in the processing of his appeals does not satisfy this standard, because inmates lack a separate constitutional entitlement to a specific prison grievance procedure."); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding there is no protected liberty interest to a grievance procedure).

Thus, the failure to properly process a grievance does not set forth an independent claim for violation of due process. See, e.g., Evans v. Skolnik, 637 F. App'x 285, 288 (9th Cir. 2015) (stating a prison official's denial of a grievance does not itself violate the constitution); Towner v. Knowles, No. S-08-cv-2823-LKK-EFB, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (finding allegations that prison officials screened out inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 1:09-CV-00568-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

The institution's failure to process a grievance may be relevant to the extent Plaintiff wishes to pursue an underlying constitutional claim without exhausting the administrative procedures. However, the institution's failure to process a PREA report or grievance does not

set forth an independent violation of Plaintiff's constitutional rights. Accordingly, Plaintiff has failed to state a claim.

### IV.    FAILURE TO PROSECUTE AND COMPLY

The Court will likewise recommend dismissal based on Plaintiff's failure to prosecute this case and to comply with the Court's screening order.

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." Id. Plaintiff has failed to respond to the Court's screening order. This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory

lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's incarceration, it appears that monetary sanctions are of little use. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Id.

After weighing the factors, the Court finds that dismissal is appropriate.

### V.        CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court RECOMMENDS that:

1. This action be dismissed for failure to state a claim, failure to prosecute, and failure to comply with a court order; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 31, 2023**                         /s/ Erica P. Grosjean
                                                            UNITED STATES MAGISTRATE JUDGE